UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

THERMOSPAS, INC.                :
                                :
                                :
v.                              :   CIV. NO. 3:04CV751 (WWE)
                                :
AOC, LLC and COMPOSITES ONE,    :
LLC                             :

RULING ON DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES
    FROM PLAINTIFF [DOC. #74] and DEFENDANT'S MOTION TO COMPEL
       FURTHER RESPONSES TO PRODUCTION REQUESTS [DOC.#76]

The Court held a discovery hearing in this case on September 28, 2007. After hearing from counsel, defendant's motion to compel answers to interrogatories from plaintiff **[Doc. #74]** and motion to compel further responses to production requests **[Doc. #76]** are **GRANTED** in part and **DENIED** in part.

Interrogatories

In Interrogatories Nos. 2-6 and 14, defendant seeks details of the factual basis for the allegations contained in the complaint.[1] At oral argument, plaintiff stated that much of this

---

[1] In Interrogatory No. 2, defendant seeks "complete detail [of] the factual basis for [defendants'] allegation that the resins supplied by AOC, LLC were defective...including the source of the stated facts, and the identity of any documents that evidence the facts and/or support this allegation." Interrogatory No. 3 seeks "complete detail [of] the factual basis for allegations that AOC is liable for negligent misrepresentation." Interrogatory No. 4 seeks "complete detail [for] the factual basis for [defendant's] allegations that AOC, LLC violated CUTPA..." Interrogatory No. 5 seeks "complete detail of the factual basis for [plaintiff's] allegations that AOC, LLC breached its contract with ThermoSpas, Inc., including

1

information would be forthcoming when their fact discovery was completed and expert reports are disclosed.[2] While interrogatories may properly inquire into the detailed factual basis for particular allegations, contention interrogatories, which ask a party to relate facts to legal theories, must not be overly broad or unduly burdensome. Fed. R. Civ. P. 33(d). Plaintiffs requested thirty (30) days from the close of fact discovery to answer these interrogatories. Plaintiff also stated that it would not object should the defendants request to re-open discovery if there is something in the expert report that reveals new facts. In light of plaintiff's willingness to comply and its representation that expert reports are necessary to adequately respond, the defendant's Motion to Compel Responses to Interrogatories Nos. 2-6 and 14 is GRANTED. Plaintiffs shall respond within thirty (30) days after the disclosure of plaintiff's expert reports. The defendant may request that discovery be re-opened, based on the experts conclusions or the Interrogatory Responses.

---

the source of the stated facts, and the identity of any documents that evidence the facts and/or support this allegation." Interrogatory No. 6 asks the plaintiff to "state in complete detail the manner in which the defendant caused or contributed to the plaintiff's alleged damages." In Interrogatory No. 14, the defendant seeks information regarding "the investigation of all allegations contained in the complaint." Plaintiff objects to interrogatories 2-6 and 14 arguing that they are contention interrogatories and unduly burdensome for the plaintiff to respond, prior to completing important discovery.

[2] During a status conference held by Judge Eginton on 10/17/07, the fact discovery deadline was extended until January 2008.

Interrogatory No. 7 seeks an itemization of the damages that ThermoSpas, Inc. incurred, as alleged in the complaint, including the full dollar amount of the alleged damages. ThermoSpas objects that it is unduly burdensome to answer this question prior to completing discovery. ThermoSpas has not provided any information regarding its damages claim. At oral argument, plaintiff stated that, "next Wednesday I will have something that gives defendant's damages."[3] Each party is required to disclose to the other a computation of any category of damages claimed. The disclosing party also must make available to the other party the documents or other evidentiary material, not privileged or protected from disclosure, on which the computation is based, including materials relating to the nature and extent of injuries suffered. Fed. R. Civ. P. 26(a)(1)(C). Therefore, the defendant's motion to compel as to Interrogatory No. 7 is GRANTED. Compliance with this discovery shall be made within ten (10) days of the filing of this ruling and order. D. Conn. L. Civ. R. 37 (a)(5).

In Interrogatories Nos. 8 & 9, defendant seeks information regarding the communications between ThermoSpas and CompositesOne, LLC, and consultants. Plaintiff objects that producing these materials is unduly burdensome prior to the completion of discovery. "The mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and

---

[3] Oral argument was held on September 28, 2007. Therefore, the "next Wednesday" would have been October 3, 2007.

irrelevant is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)(internal quotation marks and citation omitted). Defendant's motion to compel as to Interrogatory No. 7 is GRANTED. A response to this interrogatory shall be made within ten (10) days of the filing of this ruling and order. D. Conn. L. Civ. R. 37 (a)(5).

In Interrogatory No. 10, defendant seeks contact information for persons who have knowledge of facts pertaining to this litigation. At oral argument, plaintiff stated that it has provided, for all identifying witnesses, the witness' full name and last known address; however, there are two persons that neither party has been able to locate. Accordingly, defendant's motion to compel a further response to Interrogatory No. 10 is DENIED as moot. However, should this information become available, it shall be provided to the defendants. The parties are reminded that, pursuant to Federal Rule of Civil Procedure 26(e)(1), "a party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ.

4

Pro 26(e)(1).

In Interrogatory No. 12, defendant seeks information regarding consultation/technical advice, "including by not limited to, Wolfgang Unger/Seawolf Designs, from January 1, 1995 to date, regarding raw material, finished product specifications, product composition, the manufacturing process, or the blistering or delamination problems." Interrogatories Nos. 13 and 21 seek information regarding testing. In Interrogatories Nos. 15-18, the defendant seeks information regarding the raw materials used in the manufacturing process. And Interrogatory No. 22 seeks the reasons for ThermoSpas' changes in equipment and the testing performed in order to determine the efficacy of those changes. Plaintiff objects to Interrogatories Nos. 12, 13, 15-18 and 21-22, contending that they are overly broad and include a time period that has nothing to do with the defective resin.[4] "The mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)(internal quotation marks and citation omitted). Through these interrogatories, AOC is

---

[4]At oral argument, the parties agreed to the time period from 1996 until January, 2005. AOC's resin was supplied from 1996 through January, 2003. The parties believe that two years after the last use of AOC's resin is a reasonable time.

5

trying to determine if there were any other changes in the process besides the resin they provided. Defendant's motion to compel responses to Interrogatories Nos. 12, 13, 15-18 and 21-22 is GRANTED for the agreed upon time period of 1996 through January 2005. Compliance with this discovery shall be made within ten (10) days of the filing of this ruling and order. D. Conn. L. Civ. R. 37 (a)(5).

In Interrogatory No. 19, defendant seeks warranty information on the identity of the manufacturer and quality of raw materials used in the production of the spa, as well as the amount of damages claimed as a result of the resolution of each customer complaint. Although ThermoSpas objects on the basis that this information constitutes a trade secret[5], plaintiff has already supplied much of this requested information with the agreement that defendants will not contact plaintiff's customers without plaintiff's consent or a court order. [Pl.'s Obj. To Def. AOC, LLC Int. to Pl. at 10]. Therefore, with this agreement between the parties in place, the Court GRANTS defendant's motion to compel a response to Interrogatory No. 19. Compliance with this discovery shall be made within ten (10) days of the filing of this ruling and order. D. Conn. L. Civ. R. 37 (a)(5).

---

[5] Plaintiff relies on Travel Center of Fairfield County, Inc. V. Royal Cruise Line, Ltd., to support the contention that the requested customer identifying information constitutes a list of plaintiff's customers which has economic value in that it is not generally known or readily ascertainable by others and as such they are protected from discovery. Travel Center of Fairfield County, Inc. V. Raoyal Cruise Line, Ltd., No. 3:96cv10125(JBA), 2000 WL 306934, *4 (D. Conn. Jan 24, 2000)(Margolis, J).

6

In Interrogatory No. 20, defendant seeks the complete identification of each spa which is not part of ThermoSpas' damages claim in this case. At the discovery hearing, plaintiff stated that there are no files that would be responsive to this request.[6] Defendant's motion to compel Interrogatory No. 20 is DENIED based on this representation.

Document Production Requests [Doc. #76]

Through Request Nos. 3, 5-9, 11-16 and 21, AOC seeks to determine whether or not there may be other causes or sources of the problem ThermoSpas alleges was caused by AOC's defective resin.[7] Plaintiff's objection is that the requested time period

---

[6] Plaintiff's counsel stated that ThermoSpas did not keep records of defective spas because the failure rate was so low.

[7] Request No. 3 seeks all communications with any third-party concerning resins supplied to ThermoSpas, Inc. Request No. 4 seeks documents "concerning the production of the spas with resins supplied by AOC, LLC or Composites One, LLC." Request No. 5 seeks documents "concerning resins supplied by any company other than AOC, LLC or Composites One, LLC." Request No. 6 seeks documents which concern advice regarding raw materials, product specifications and recommendations from third-parties. Request No. 7 seeks documents "concerning standard operating procedures for the production of spas." Request No. 8 seeks documents "concerning quality control procedures for the production of spas." Request No. 9 seeks documents "concerning testing or tests conducted on acrylic sheets to determine fitness for use by ThermoSpas..." Request No. 11 seeks "documents relating, referring or concerning catalyst used by ThermoSpas." Request No. 12 concerns fillers. Request No. 13 refers to documents "concerning production and quality control." Request No. 14 seeks documents "concerning customer claims and complaints." Request No. 15 seeks documents "concerning the repair or replacement of spas or other settlements with customers." Request No. 16 requests "all warranty claim files for the repair or replacement of spas." Request No. 21 seeks documents "concerning ThermoSpas, Inc.'s testing of spas."

7

is irrelevant, the requests are overly broad and burdensome, and trade secrets are implicated. However, plaintiff states that, "to the extent that such information would otherwise be discoverable, plaintiff agrees to produce these documents with a sufficient confidentiality agreement." [Pl.'s Obj. and Resp. To Def.'s AOC, LLC's Req. For Prod. Of Doc.'s at 2-9] "The mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)(internal quotation marks and citation omitted). The time period has been agreed upon by the parties to be 1996 through January 2005. The documents sought may be relevant to potential defenses. The defendant's motion to compel further production to Document Requests Nos. 3, 5-9, 11-16 and 21 is GRANTED. Compliance with this discovery shall be made within ten (10) days of the filing of this ruling and order. D. Conn. L. Civ. R. 37 (a)(5).

Despite the plaintiff's written objection to many of the Document Production Requests, at oral argument ThermoSpas agreed to supply many of the missing documents as soon as its expert reports were disclosed. This agreement applies to Requests Nos.

10 and 17-19.[8] At oral argument, plaintiff stated that the expert reports would contain detailed disclosure of the information and documents sought in these requests. Therefore, the defendant's motion to compel Requests Nos. 10 and 17-19 is GRANTED and the plaintiff shall turn over any additional responsive documents no later than thirty (30) days after plaintiff's expert reports are disclosed.

Request No. 22 seeks documents "concerning failure rates of ThermoSpa's, Inc.'s spas." At oral argument, plaintiff stated that there were no files responsive to Request No. 22. Accordingly, defendant's motion to compel Document Production Request No. 22 is DENIED.

Request No. 23 seeks all documents ThermoSpas intends to introduce in evidence at trial. Plaintiff objects, arguing that this is a premature request. The parties are reminded that, pursuant to Federal Rule of Civil Procedure 26(e)(1), "a party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or

---

[8]In Request No. 10, defendants seek documents concerning ThermoSpa's consultation with third parties regarding the blistering and delamination problems that are the subject of the complaint. Request No. 17 seeks "any other documents, which relate, refer or concern the damages referred to in the complaint." In Request No. 18 defendant is seeking documents "concerning ThermoSpas, investigation of the allegations contained in the complaint." Request No. 19 seeks "all statements or other documents taken from or given by any witnesses or persons with knowledge of the alleged claims or damages alleged in the complaint."

incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. Pro 26(e)(1). However, this request is in fact premature and defendant's motion to compel responses to Request No. 23 is DENIED.

Accordingly, Defendant's motion to compel answers to interrogatories from plaintiff **[Doc. #74]** is **GRANTED** in part and **DENIED** in part and defendant's motion to compel further responses to production requests **[Doc. #76]** is **GRANTED** in part and **DENIED** in part.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport the 16th day of November 2007.

__/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE